# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHEILA MARIE DAWSON and | ) | Case No. 06-30322 |
| DAMAN DREW DAWSON, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| NORMAN E. ROUSE, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 07-3027 |
| | ) | |
| DON DeFORGE, d/b/a/ Thrifty Car Sales, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

The Trustee initiated this adversary proceeding to determine the validity of Defendant Don DeForge's purported lien on a 2005 Dodge Stratus (the "Vehicle") owned by Debtor Damon Drew Dawson. The current certificate of title on the Vehicle issued by the State of Missouri does not show any liens. DeForge claims that his lien, allegedly perfected in Arkansas where the Vehicle was purchased, was effective as of the petition date because, under Mo. Rev. Stat. § 301.600.4(a)(2)(b), a lien validly perfected in another state but not noted on a Missouri certificate of title is effective for three months after the vehicle is brought into Missouri, and in this case the Debtors filed for bankruptcy within that three-month window. The Trustee, on the other hand, argues that the three-month safe harbor provision of § 301.600.4(a)(2)(b) does not apply to DeForge's lien because the evidence shows that the parties "understood" that the Vehicle was to remain in Missouri. Therefore, the Trustee argues, under § 301.600.4(a)(1), Missouri law governs the validity of DeForge's lien, and his failure to file a notice of lien with the Missouri Department of Revenue prior to the date the Debtors filed their bankruptcy petition is fatal to his claim of a lien on the Vehicle.

For the reasons stated below, the Court finds that the only admissible evidence before the court indicates that the parties "understood" that the Vehicle would be kept in Missouri. Therefore,

Missouri law applies to determine the validity of DeForge's lien, and under Missouri law, DeForge does not have a valid lien on the Vehicle.

## BACKGROUND

The parties declined the offer of an evidentiary hearing and submitted this matter to the Court on the pleadings and on the deposition exhibits and testimony of Defendant DeForge and Carmen Acosta, DeForge's employee in California who handled the paperwork related to the sale of the Vehicle to the Debtor. The following facts have been culled from that limited evidence and the pleadings:

On July 8, 2006, Debtor Daman Drew Dawson ("Debtor") entered into a retail installment sales contract with the Defendant DeForge, d/b/a Thrifty Car Sales, for the purchase of the Vehicle. The Vehicle was located, and the contract for the sale of the Vehicle was executed, at a sales lot in Springdale, Arkansas. The contract indicates that the Debtor's address is 140 Red Oak Drive in Carl Junction, Missouri. Thrifty Car Sales immediately assigned the contract to HSBC Auto Finance ("HSBC").

On July 10, 2006, DeForge, through one of his employees, caused a notice of lien to be filed with the State of Arkansas Department of Finance and Administration. The notice of lien lists HSBC as the lienholder and indicates that the address of the owner, Daman D. Dawson, is 140 Red Oak Drive, Carl Junction, Missouri.

At the time of the sale, the Vehicle was subject to a Texas certificate of title. On the back of the Texas title, where Thrifty Car Sales noted its assignment of the title to the Debtor, the Debtor's address is shown as "208 Allen Street, Carl Junction, Missouri 64834." The Debtor received the Texas title at the time he took possession of the Vehicle.

On August 20, 2006, the Debtors filed for relief under chapter 7 of the Bankruptcy Code. The Debtors indicated on their bankruptcy petition that they reside at 140 Red Oak Drive, in Carl Junction, Missouri.

On September 14, 2006, the Debtor applied for a Missouri certificate of title on the Vehicle. The Debtor did not include HSBC Auto Finance, Don DeForge, or Thrifty Car Sales as a lienholder on the Vehicle; rather, the lines on the application for disclosing a lienholder were left blank.

On September 22, 2006, the Missouri Department of Revenue issued a title on the Vehicle to the Debtor. No lienholders are noted on the certificate of title.

On December 13, 2006, DeForge filed a notice of lien with the Missouri Department of Revenue.

On or about April 27, 2007, DeForge paid HSBC $16,765.00 for the retail installment sale contract with the Debtor pursuant to a recourse agreement, and HSBC Auto Finance reassigned the contract to DeForge. HSBC, which had originally been named as a defendant in this matter, was dismissed from the lawsuit on January 23, 2008.

## DISCUSSION

The resolution of this dispute turns on the application of Mo. Rev. Stat. § 301.600.4, which provides in pertinent part:

> (a) If a motor vehicle or trailer is subject to a lien or encumbrance when brought into this state, the validity and effect of the lien or encumbrance is determined by the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, subject to the following:
>
> > (1) If the parties understood at the time the lien or encumbrance attached that the motor vehicle or trailer would be kept in this state and it was brought into this state within thirty days thereafter for purposes other than transportation through this state, the validity and effect of the lien or encumbrance in this state is determined by the law of this state;
> >
> > (2) If the lien or encumbrance was perfected pursuant to the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, the following rules apply:
> >
> > > (a) If the name of the lienholder is shown on an existing certificate of title or ownership issued by that jurisdiction, the lien or encumbrance continues perfected in this state;
> > >
> > > (b) If the name of the lienholder is not shown on an existing certificate of title or ownership issued by that jurisdiction, the lien or encumbrance continues perfected in this state three months after a first certificate of ownership of the motor vehicle or trailer is issued in this state, and also thereafter if, within the three-month period, it is perfected in this state. The lien or encumbrance may also be

3

> perfected in this state after the expiration of the three-month period;
> in that case perfection dates from the time of perfection in this state;

The Defendant maintains that, under § 301.600(a)(2)(b), the notice of lien filed in Arkansas was effective for three months after the car was brought into Missouri, and therefore effective on the petition date, because "there is no evidence that the car was removed to the state of Missouri prior to the filing of the bankruptcy," and "the evidence does not support a finding that HSBC nor (sic) the employees of Don DeForge were advised the car was to be removed to the State of Missouri nor (sic) did they understand that to be the case." The Court disagrees.

Contrary to DeForge's arguments, the only admissible evidence before the Court regarding the location and use of the car after the Debtor purchased it points to Missouri. The Debtor's address on the sales contract was in Missouri. The Debtor's address on the Texas title is in Missouri. Even the Arkansas Notice of Lien filed by Thrifty Car Sales indicated that the Debtor lives in Missouri.[1] The only evidence suggesting that the car was to remain in Arkansas is Carmen Acosta's deposition testimony that the Debtor told the salesman in Springdale, Arkansas, that the Debtor "either worked there or wanted it registered in Arkansas," and that testimony is inadmissable (double) hearsay, at best.[2]

Based on this uncontradicted documentary evidence, the Court finds that the parties to the Debtor's purchase of the Vehicle understood that it was to be kept in Missouri. Therefore, under Mo. Rev. Stat. § 301.600(a)(1), the effect and validity of DeForge's purported lien on the Vehicle is determined by Missouri law.

Missouri law provides that "a lien . . . on a motor vehicle . . . is perfected by the delivery to the director of revenue a notice of a lien. . . ."[3] DeForge filed a notice of lien on the Vehicle on December 13, 2006, more than two months after the Debtors filed for bankruptcy. Therefore,

---

[1] Additionally, the Court takes judicial notice of the Debtors' Schedule I which indicates that the Debtor's employer for the last two years is located in Missouri.

[2] Curiously, the Defendant did not depose or offer live testimony from either of the people actually involved in the transaction – the Debtor and the car salesman – to support the Defendant's contention that the parties understood that the car was to remain in Arkansas.

[3] Mo. Rev. Stat. § 301.600.2.

DeForge's lien was unperfected as of the petition date and can be avoided by the Trustee in his capacity as a hypothetical lien creditor under 11 U.S.C. § 544.[4]

## CONCLUSION

For the reasons stated above, it is

**ORDERED** that Defendant Don DeForge's purported lien on the 2005 Dodge Stratus is hereby AVOIDED.

**SO ORDERED** this 14th day of February, 2008.

        /s/   Jerry W. Venters
    United States Bankruptcy Judge

Copy of the foregoing mailed electronically or
conventionally to:
Norman E. Rouse
Thomas L. Williams

---

[4] 11 U.S.C. § 544(a)(1) provides:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
    (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.